## Pennsylvania Power & Light Co. v. Breach

Before Shughart, P. J. and Jacobs, J.

*Irwin, Irwin & Irwin,* for plaintiff.

*James R. Humer* and *W. E. Shissler,* for defendant.

JACOBS, J., August 28, 1959.—Defendant drove his automobile into a utility pole owned by plaintiff. The pole was destroyed and plaintiff has brought an action to recover for the loss of its pole. Preliminary objections were filed to the complaint. All objections are directed at the statement of damages contained in the complaint. The complaint sets forth the replacement cost of a new pole including the price of the pole, the cost of labor to install it and hauling expense. No details concerning the old pole are given except that it was chestnut and had no value after the collision, which is apparently assumed by the parties to mean that it was totally destroyed.

Defendant's preliminary objections include a motion to strike off the complaint, a demurrer and a motion for a more specific complaint. All motions center around the statement of damages contained in the complaint which defendant contends is an incorrect measure of damages. An incorrect statement of the

measure of damages contained in a complaint is not sufficient ground to warrant striking off the complaint or sustaining a demurrer, and for that reason we will do neither.

However, we do believe that the complaint is insufficient insofar as the statement of damages is concerned and for that reason we will require the filing of a more specific complaint. Defendant in a trespass action, or any other action, is entitled to sufficient information to enable him to intelligently prepare his defense. The very brief discussion of the proper measure of damages in a case such as this which follows will demonstrate why the complaint does not contain all the facts necessary to enable defendant to properly defend.

In Jones v. Monroe Electric Company, 350 Pa. 539, where a barn was totally destroyed by fire, the measure of damages was stated to be as follows:

". . . it would be the actual value of the building itself, taking into consideration its age, condition and any other circumstances affecting it, and less anything salvaged from it."

The value of a building includes not only the materials which go to make up the building but the cost of supervision and labor to erect the same and those factors are all considered in appraising buildings. Likewise those factors should be considered in determining the value of the utility pole of plaintiff.

A. L. I. Restatement of the Law of Torts, §927, provides as follows:

"Where a person is entitled to a judgment for the conversion of a chattel or the destruction of any legally protected interest in land or other thing, the damages include

"(a) the exchange value of the subject matter or the plaintiff's interest therein at the time and place

of the conversion or destruction, or a different value where that is necessary to give just compensation . . ."

A. L. I. Restatement of the Law of Torts, §911, defines value as "exchange value or the value to the owner where this is greater than the exchange value," and the second paragraph of section 911 goes on to define exchange value as market value.

It might be contended by plaintiff in this case that its pole has a peculiar value to it which makes it exceed the market value. Certainly its value to it stems from the fact that it was installed as a part of its power distribution system and that value would be greatly in excess of the value of a pole uninstalled. Under such a situation comment *e* under §911 of A. L. I. Restatement of the Law of Torts is pertinent:

"Even where the subject matter has its chief value in its value for use by the injured person, if the thing is replaceable, the damages for its loss are limited to replacement value, less an amount for depreciation."

Plaintiff should plead any facts necessary to establish its claim for damages using the proper measure of damages. If plaintiff contends that it is entitled to the full replacement cost of the pole because the pole was new and just installed, it should state those facts. If the pole had been installed for some time, we believe that replacement cost as of the time of destruction less depreciation would properly measure the damages and plaintiff should so indicate taking into consideration the age of the pole and any other circumstances affecting its value.

## Order

And now, August 28, 1959, defendant's preliminary objection in the nature of a motion for a more specific complaint is sustained and plaintiff is given 30 days from this date within which to file an amended complaint in accordance with the above opinion. All other preliminary objections are overruled.